### In re Marilyn M. MOSS, Debtor.

### No. 98–43272–1.

United States Bankruptcy Court, W.D. Missouri, Western Division.

June 5, 2000.

Marilyn M. Moss, Pro Se.

### *ORDER*

JERRY W. VENTERS, Bankruptcy Judge.

On June 1, 2000, the Court held a hearing on the Guardian *ad Litem*'s Motion to Reevaluate Debtor's Competency to Participate in Bankruptcy Case (Doc. No. 96), filed on May 15, 2000. At the close of the hearing, the Court announced its decision to grant the Guardian *ad Litem*'s Motion. This Order sets forth the Court's Findings of Fact and Conclusions of Law as announced in open court on June 1, 2000. Fed. R. Bankr.P. 7052.

On September 28, 1999, this Court took the extraordinary measure of appointing a Limited Guardian *ad Litem* ("Guardian") for the Debtor in the above captioned case. *See In re Moss*, 239 B.R. 537 (Bankr. W.D.Mo.1999). The Court appointed Patricia E. Hamilton as the limited guardian for the Debtor. She was appointed for the limited purpose of handling matters related to the bankruptcy estate. The appointment was necessary to "adequately protect the rights of the Debtor, facilitate the expeditious administration of the bankruptcy estate, and preserve the integrity of the bankruptcy court and bankruptcy process." *Id.* at 538. The Court based its decision to appoint the Guardian on a number of factors including: (1) the finding made by Judge Gary A. Fenner of the District Court for the Western District of Missouri, that the Debtor "is presently suffering from a mental disease or defect rendering her unable to understand the nature and consequences of the criminal proceedings against her and unable to assist properly in her defense;"[1] (2) the

---

1. According to the file in the Debtor's criminal case (Case No. 99–00037–01–CR–W–4)

irrational behavior of the Debtor manifest, in part, in nonsensical letters and pleadings sent by the Debtor to the Court; and (3) the Debtor's failure to comprehend the implications of filing bankruptcy. *Id.* at 539–542. The Court's Memorandum Opinion and Order appointing the Guardian also provided that the Court would terminate the limited guardianship upon a showing that the debtor was competent to participate in her bankruptcy case. *Id.* at 545. It is the opinion of the Court that such a showing has been made. Accordingly, the Court will grant the Guardian *ad Litem*'s Motion to Reevaluate the Debtor's Competency to Participate in Bankruptcy Case and terminate the limited guardianship.

The Court's decision to terminate the limited guardianship is based on the following: (1) the finding made on May 25, 2000, by Judge Fenner that Moss is "competent to proceed, that she understands, has the ability to understand the nature of the charges against her, and to assist in her defense in this [the criminal] matter;" [2] (2) the *rational* behavior of the debtor, as evident in the lucid, rational pleadings filed (properly) with the Court by the Debtor since approximately mid April; and (3) the Debtor's. ability to appreciate the implications of filing bankruptcy and ability to understand the bankruptcy process, as demonstrated by her filings with the Court and her participation in bankruptcy hearings (notably the hearing on the Trustee's Motion to Amend Voluntary Petition, held on May 18, 2000).

As announced in open court and for the above stated reasons, it is

**ORDERED** that the Guardian *ad Litem*'s Motion to Reevaluate Debtor's Competency to Participate in Bankruptcy Case be and is hereby **GRANTED**. It is

**FURTHER ORDERED** that the Debtor is found to be competent to participate in her bankruptcy case. Accordingly, the limited guardianship established by this Court on September 28, 1999, be and is hereby **TERMINATED**, and Patricia E. Hamilton is relieved of her duties as Guardian beyond that which is necessary for the winding up of her affairs as Guardian.

**SO ORDERED.**

---

and the transcript of the competency hearing held on May 25, 2000, Judge Fenner based his finding that Moss was incompetent, in part, on psychological evaluations conducted by Dr. James Shadduck.

2. Transcript of May 25, 2000, Proceeding, p. 14. Based on the transcript of the proceedings, Judge Fenner's decision appears to have been based, at least in part, on a report by Dr. John Wisner, which found Moss to be competent, and the Debtor's meaningful participation in her bankruptcy case.